United States District Court
Eastern District Of Virginia
Norfolk Division



FILED
AUG 20 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

Eric Emanuel Taylor, Plaintiff
2617 Ash Street
Portsmouth, Virginia 23704
(757)

Case Number: 2:12 CV 448

versus

John G. Roberts, Jr.; Anthony M. Kennedy; Antonin Scalia; Clarence Thomas; Ellenora Kagan; Samuel Alito, Jr.; Sonia Maria Sotomayor; Stephen G. Breyer: The Supreme Court of the United States of America

## Amended Complaint

1) Grounds For Jurisdiction:

"The Eric Emanuel Taylor's, test, for whether, the lesser-included offense and greater offense, of a wounding, of Section 18.2-51 of the Code of Virginia 1950, be the same offense, against double-jeopardy purpose, be the same-elements test, of which, offenses be the same offense, unless each offense, contains an element, not contained in th other; therefore, the lesser-include offense and greater offense, of a wounding, of Section 18.2-51 of the code of Virginia 1950, be the same offense, when the prosecution by the prosecutor, be the malicious offense; but, the lesser-included offense, of a wounding, of Section 18.2-51 of the Code of Virginia 1950, when the prosecution by the prosecutor, be the unlawful but not malicious offense, must be at variance of the malicious offense, prior to the unlawful but not malicious offense included to the malicious offense, to provide for the sentence, by the fact-finder, of the unlawful but not malicious offense of, the Eric Emanuel Taylor's, test, for whether, the lesser-included offense and greater offense, of a by any means cause bodily injury, o

Section 18.2-51 of the Code of Virginia 1950, be the same offense, against double-jeopardy purpose, be the same-elements test, of which, offenses be the same offense, unless each offense contains an element not contained in the other; therefore, the lesser-included offense and greater offense, of a by any means cause bodily injury, of section 18.2-51 of the Code of Virginia 1950, be the same offense, when the prosecution by the prosecutor, be the malicious offense; but, the lesser-included offense, of a by any means cause bodily injury, of section 18.2-51 of the code of Virginia 1950, when the prosecution by the prosecutor, be the unlawful but not malicious offense, must be at variance of malicious offense, prior to the unlawful but not malicious offense included to the malicious offense, to provide for the sentence, by the fact-finder, of the unlawful but not malicious offense.

2) Facts of the case:
Of June 18th, 2010, I, Eric Emanuel Taylor, filed to the Supreme Court of the United States of America, a petition of a writ of certiorari, concerning the issue of indictment # CR05-2591. It was placed on the docket for consideration on July 1st 2010. Of July 23rd, 2010, an express waiver was enter by acting solicitor general, Neal Katyr, therefore placed on the docket of opening conference, of September 27th 2010. Of October 4th, 2010, the 9 justices of the Supreme Court of the United States of America, denied certiorari # 10-5133, despite me exhausting every remedy of Appeals by the State of Virginia, court system and the federal court system, and despite, Blockburger V. U.S. 299, 304, 52 S. Ct. 180, 182 (1932), being a constitutional rule, of the double-jeopardy clause of the 5th amendment.
I, Eric Emanuel Taylor, contend against the denial of certiorari # 10-5133, because to reduce the class 3 felony of indictment # CR05-2591, to the class 6 felony, after the start of the trial of the class 3 felony, substantiate the acquittal of the class 3 felony, which include the practicable class 6 felony, an element of itself, by legislative intent, for prosecuting the class 3 felony, be wrong, if separately, the class 6 felony of indictment # CR05-2591, from the class 3 felony of indictment # CR05-2591 (with the intent to maim, disfigure, disable, or kill), be the determination by the fact-finder; If the intent that commenced the prosecutor to prosecute the commencement of

indictment # CR05-2591, do not be, 'with the intent to maim, disfigure, disable or kill' but be, 'with the intent to maim, disfigure, disable, or kill', the acquittal, of the class 3 felony (with the intent to maim, disfigure, disable, or kill), prevents any conviction of either offense, when each offense, despite being separate offense by legislative intent, be the same occurrence, by commencement.

The relief sought, by I, Eric Emanuel Taylor, be the monetary that amount to the zillion dollars, payable to me when wanted!

Eric Taylor
2617 ASH St
Portsmouth, VA 23704
(757) 724 2489